**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**



CHARLES R. LIVECCHI, SR.,

    Plaintiff,

v.

THE CITY OF GENEVA, et al.,

    Defendants.

**DECISION & ORDER
14-CV-6326**

## Preliminary Statement

Plaintiff Charles Livecchi ("plaintiff") brings this pro se action under 42 U.S.C. § 1983 and the Fourth Amendment, asserting several claims involving a rental property he owns in Geneva, New York. See Docket # 1. Currently pending before the Court are plaintiff's motion to compel (Docket # 27) and plaintiff's motion for readiness for trial (Docket # 31).

## Factual Background

On January 15, 2016, plaintiff filed a motion to compel, seeking an Order compelling defendants to respond to his first set of interrogatories and imposing sanctions. Docket # 27. On February 2, 2016, defendants responded, informing the Court that they had served their responses to his interrogatories. Docket # 30 at 1-2. The next day, plaintiff filed a motion for readiness for trial, informing the Court that he wished to

proceed to trial before the Honorable Charles J. Siragusa, United States District Judge. Docket # 31. Since then, defendants filed a motion for summary judgment (Docket # 33), currently pending before Judge Siragusa.

## Discussion

Plaintiff's Motion to Compel (Docket # 27): As a preliminary matter, the Court notes that plaintiff's motion to compel, filed several months after the November 18, 2015 deadline for discovery-related motions set by the undersigned, is untimely. See Docket # 22 at 1 ("All motions to compel discovery shall be filed at least thirty (30) days prior to the factual discovery cutoff."). Nevertheless, the Court has considered the arguments contained in plaintiff's motion. Based on the representation from defense counsel that plaintiff has received defendants' responses to his interrogatories and having received no objection from plaintiff, the undersigned finds that plaintiff's motion to compel is now **moot**.

Additionally, plaintiff's request that the Court impose sanctions against defendants is **denied**. While Rule 37 of the Federal Rules of Civil Procedure grants this Court broad discretion to impose sanctions against a party for failing to meet discovery obligations, the "[i]mposition of sanctions . . . is a drastic remedy and should only be applied in those rare

cases where a party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure." Hinton v. Patnaude, 162 F.R.D. 435, 439 (N.D.N.Y. 1995) (citations omitted). Put simply, the facts alleged here fail to give rise to such a finding and, accordingly, the Court denies plaintiff's motion for the imposition of sanctions.

Plaintiff's Motion for Readiness for Trial (Docket # 31): In his second motion pending before the undersigned, plaintiff indicates that he is ready to proceed with trial before Judge Siragusa and "request[s] that the court strike out any evidences that defendant produced after set time stated by Scheduling Order dated July 17, 2015 . . . ." Docket # 31. Based on plaintiff's submission, the Court presumes that plaintiff is requesting that this Court preclude defendants' responses to plaintiff's first set of interrogatories pursuant to Rule 37(b) of the Federal Rules of Civil Procedure. Preclusion of discovery, however, is a "harsh remed[y]" that "should be imposed only in rare situations." Update Art, Inc. v. Modin Publishing, Ltd., 843 F.2d 67, 71 (2d Cir. 1988). Indeed, preclusion is an especially harsh – and confusing - remedy in these circumstances, where plaintiff compelled the production of the discovery that he now seeks to preclude. Accordingly, plaintiff's motion for readiness of trial (Docket # 31), to the extent that it seeks an Order from this Court precluding

3

plaintiff's discovery production under Rule 37(b), is **denied**. Additionally, plaintiff's request to proceed to trial is **denied without prejudice to renew** pending Judge Siragusa's resolution of defendants' motion for summary judgment (Docket # 33).

## Conclusion

For the reasons stated, plaintiff's motion to compel (Docket # 27) and plaintiff's motion for readiness for trial (Docket # 31) are **denied**.

SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 15, 2016
       Rochester, New York